Filed 6/16/21  P. v. Guerra CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE, | F081388 |
| Plaintiff and Respondent, | (Kern Super. Ct. No. BF179515A) |
| v. | |
| DANIEL ALBERT GUERRA, | **OPINION** |
| Defendant and Appellant. | |

## THE COURT[*]

APPEAL from a judgment of the Superior Court of Kern County.  Collette M. Humphrey, Burt Pines (Retired Judge of the L.A. Sup. Ct. assigned by the Chief Justice pursuant to art. VI, § 6 of the Cal. Const.), Michael G. Bush, Eric Bradshaw, and Judith K. Dulcich, Judges.[†]

Rex Adam Williams, under appointment by the Court of Appeal, Defendant and Appellant.

Office of the Attorney General, Sacramento, California, for Plaintiff and Respondent.

-ooOoo-

---

[*] Before Levy, Acting P.J., Poochigian, J. and Detjen, J.

[†] Judge Humphrey presided over the pre-preliminary hearing; Judge Pines presided over the preliminary hearing; Judge Bush presided over the arraignment, Judge Bradshaw presided over the change of plea hearing; and Judge Dulcich negotiated readiness and presided over the sentencing hearing.

## INTRODUCTION

Appellant and defendant Daniel Albert Guerra pleaded guilty to carjacking and was sentenced to the indicated term of five years. On appeal, his appellate counsel has filed a brief that summarizes the facts with citations to the record, raises no issues, and asks this court to independently review the record. (*People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).) We affirm.

## FACTS

On the morning of December 25, 2019, Christmas Day, James Branscomb parked his 2004 Jaguar XJ8 in front of the The Mark restaurant, near the Padre Hotel in Bakersfield. Mr. Branscomb, who was 84 years old, stayed in his car and waited for the restaurant to open. He was looking through his mail when he noticed that a man arrived on a bicycle, parked it in front of the restaurant, and looked at his Jaguar.

The man approached the driver's side window of his car. Mr. Branscomb rolled down his window because he thought the man was going to ask for change. Instead, the man told Mr. Branscomb that he wanted his car, and to get out or he would shoot him. Mr. Branscomb was afraid the man was going to harm him, so he got out of his car and gave the keys to him. The man got in and drove away in the Jaguar. Mr. Branscomb immediately called the police.

A short time after the incident, the Jaguar was located, defendant was driving it, and he was taken into custody. Defendant was not in possession of a gun. As an officer placed defendant in handcuffs, he attempted to run away.

An officer took Mr. Branscomb to the scene, read him the appropriate admonitions, and asked him to look at defendant. Mr. Branscomb said he believed defendant was the man who took his car, but he was not 100 percent sure.

An officer advised defendant of the warnings pursuant to *Miranda v. Arizona* (1966) 384 U.S. 436, and he agreed to answer questions. The officer asked defendant if

2.

he took Mr. Branscomb's car.  Defendant said he asked to borrow the car; Mr. Branscomb got out and let him borrow it; and admitted he was driving it.

## PROCEDURAL BACKGROUND

On January 29, 2020, an information was filed in the Superior Court of Kern County charging defendant with count 1, carjacking (Pen. Code, § 215, subd. (a));[1] count 2, criminal threats (§ 422); count 3, elder abuse (§ 368, subd. (b)(1)); and count 4, misdemeanor resisting an officer (§ 148, subd. (a)(1)).

On March 13, 2020, defendant entered into a negotiated disposition and pleaded guilty to counts 1, 3, and 4, for an indicated sentence of five years and dismissal of count 2.[2]  The parties stipulated to the preliminary hearing transcript and police reports as the factual basis for the plea.

On May 12, 2020, the court denied probation and imposed the midterm of five years for count 1, carjacking, and concurrent terms for counts 3 and 4.  The court imposed a restitution fine of $300 (§ 1202.4, subd. (b)), suspended the parole revocation fine of $300 (§ 1202.45), and ordered victim restitution in an amount to be determined (§ 1202.4, subd. (f)).  It also imposed a crime prevention fee of $10 as to count 1 (§ 1202.5), and total of $120 in court operations fees (§ 1465.8) and $90 in court facilities fees (Gov. Code, § 70373).

On June 29, 2020, defendant filed a notice of appeal.

## DISCUSSION

As noted above, defendant's counsel has filed a *Wende* brief with this court.  The brief also includes the declaration of appellate counsel indicating that defendant was advised he could file his own brief with this court.  By letter on October 9, 2020, we invited defendant to submit additional briefing.  To date, he has not done so.

---

[1] All further statutory citations are to the Penal Code unless otherwise indicated.

[2] The minute order states defendant pleaded no contest, but the reporter's transcript shows that defendant pleaded guilty to the three counts.

3.

After independent review of the record, we find that no reasonably arguable factual or legal issues exist.

## <u>DISPOSITION</u>

The judgment is affirmed.